UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEFFREY S ZIEGLER,<br><br>                              Plaintiff,<br><br>     v.<br><br>WASHINGTON DEPARTMENT OF CORRECTIONS,<br><br>                              Defendants. | Case No. C18-5471 RBL-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for July 20, 2018 |

This matter is before the Court on plaintiff's commencement of an action on June 11, 2018, proceeding *pro se* and seeking *in forma pauperis* status. Dkt. 1. This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4).

Plaintiff has not filed any complaint, but seeks from this Court the appointment of counsel, apparently to represent him before Washington's Board of Industrial Insurance Appeals and before the Washington Supreme Court. For the reasons set forth below, this matter must be dismissed because this Court lacks authority to provide the relief plaintiff seeks. Because no amendment can result in a claim upon which this Court would be empowered to grant the requested relief, the Court recommends that this matter be dismissed with prejudice. In light of this recommended disposition, the Court also recommends denial of plaintiff's *in forma pauperis* application.

REPORT AND RECOMMENDATION - 1

BACKGROUND

On June 11, 2018, plaintiff submitted for filing a defective motion to proceed *in forma pauperis*, together with a "Motion, Order, and Affidavit for Telephonic Hearing" and a "Motion to Appoint Ad Hoc Counsel to Represent Petitioner on All Matters of Law Pertaining to the Litigation in Industrial Appeals." Dkt. 1. He did not file any complaint, nor state any cause of action against any party, and after two deficiency notices from the Clerk of the Court, has still not done so.  Dkts. 2, 6.

The captions of the documents submitted by plaintiff listed the "Department of Corrections Correctional Industries/Dep't of Labor & Industries/WA Attorney General" as the opposing parties, and listed this Court, the Washington State Supreme Court, and the Washington State Board of Industrial Insurance Appeals in the heading identifying the court in which he is proceeding. Dkt. 1. It appears from these documents that plaintiff is seeking counsel to represent him in wholly separate proceedings in different state courts; he specifically identifies a matter pending before the Washington Board of Industrial Insurance Appeals, and more generally seems also to refer to a matter or matters before the Washington Supreme Court.  *Id*.

Plaintiff subsequently submitted another *in forma pauperis* application, together with a Petition for Habeas Corpus; this has been docketed as matter C18-5511 RJB-TLF, and is proceeding as a separate matter.

DISCUSSION

The Court must dismiss the claims of a prisoner "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted"' or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.3d 1221, 1228 (9th Cir. 1984).

REPORT AND RECOMMENDATION - 2

1    Ordinarily, before the Court may dismiss the complaint as frivolous or for failure to state

2    a claim, it "must provide the [prisoner] with notice of the deficiencies of his or her complaint and

3    an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050,

4    1055 (9th Cir. 1992, *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d

5    1133 (9th Cir. 1997). However, leave to amend need not be granted "where the amendment

6    would be futile or where the amended complaint would be subject to dismissal." *Saul v. United

7    States*, 928 F.2d 829, 843 (9th Cir. 1991) (citing *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296

8    (9th Cir.1990).

9    Plaintiff has not filed any complaint in this matter. Dkt. 1. But even if he had done so, the

10   relief he seeks is beyond the jurisdiction of this Court. Plaintiff seeks the appointment of counsel

11   to represent him before entirely separate tribunals of Washington State, over which this Court

12   has no jurisdiction.  This Court "has no authority to appoint counsel for plaintiff in a civil

13   proceeding in state court." *Brigaerts v. Cardoza*, 952 F.2d 1399 at *1 (9th Cir. 1992).  Plaintiff

14   should direct his request for counsel to the courts in which his matters are pending.

15   Finally, in light of the Court's recommended disposition of this matter, the Court also

16   recommends denial of plaintiff's *in forma pauperis* application in this matter.[1]

## CONCLUSION

18   Plaintiff has stated no claim upon which relief can be granted. The relief plaintiff seeks is

19   not within the Court's power to grant even if a claim had been properly stated. This is a

20   deficiency that cannot be cured by any amended pleading; therefore dismissal of this action with

---

[1] Plaintiff has also filed an *in forma pauperis* application in his habeas corpus proceeding, No. 18-55411 RJB-TLF, which remains pending.

REPORT AND RECOMMENDATION - 3

1   prejudice for failure to state a claim under 42 U.S.C. § 1983 is proper. Plaintiff's *in forma*

2   *pauperis* application should also be denied.

3       The parties have **fourteen (14) days** from service of this Report and Recommendation to

4   file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP)

5   72(b); *see also* FRC P 6. Failure to file objections will result in a waiver of those objections for

6   purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed

7   by Fed. R. Civ. P. 72(b), the Clerk is directed set this matter for consideration on **July 20, 2018**

8   as noted in the caption.

9       Dated this 5th day of July, 2018.

*(signature)*

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4